# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE NORTHERN DIVISION

**CHARLOTTE LANE,**

**Plaintiff,**                                    **CASE NO.:**

**vs.**

**DEAN'S RESTAURANT & BAKERY,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLOTTE LANE (hereinafter "Plaintiff"), hereby files this Complaint against the Defendant, DEAN'S RESTAURANT & BAKERY, (hereinafter "Defendant"), and states the following:

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendant violated the minimum wage and record keeping requirements of the FLSA. Plaintiff seeks unpaid wages, misappropriated tips, liquidated damages and reasonable attorneys' fees and costs.

## PARTIES

1. Plaintiff worked as a Server for Defendant from August 2022 to March 2024.

2. Plaintiff worked for Defendant in Oak Ridge, Tennessee.

3. Defendant is a company that operates and conducts business in Anderson County, Tennessee.

## FLSA ENTERPRISE COVERAGE

4. At all material times relevant to this action (2022 - 2024), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

5. At all material times relevant to this action (2022 - 2024), Defendant made gross earnings of at least $500,000.00 annually.

6. At all material times relevant to this action (2022 - 2024), Defendant accepted payments from customers based on credit cards issued by out of state banks.

7. At all times relevant to this action (2022 - 2024), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked.

8. Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff worked as a Server for Defendant from August 2022 through March 2024.

10. Plaintiff was paid pursuant to a "tip credit" method where she was paid minimum wage minus the tip credit.

11. At all material times, Defendant utilized a tip credit deduction.

12. At all material times, Defendant was an enterprise subject to the FLSA.

13. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprises have had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendant's employees run or ran credit card transactions which transacted business in interstate commerce on a daily basis.

15. Defendant's employees handle(d) such goods as napkins, silverware, appliances, food items, and restaurant equipment, which had travelled in interstate commerce on a daily basis.

16. At all material times, Defendant had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated) per year.

17. Plaintiff was paid pursuant to a "tip credit" method and was paid the minimum wage minus the tip credit.

18. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

19. Defendant is and has been in the business of providing food and drinks to the general public.

20. Defendant employed Plaintiff within the last three (3) years.

21. Defendant employed Plaintiff as an integrated enterprise and/or employer.

22. Plaintiff worked without being paid at least the full minimum wage for all hours worked.

23. Defendant controlled and was responsible for the work of Plaintiff.

24. Plaintiff did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

25. Defendant utilized the tip credit and paid Plaintiff less than the applicable tipped minimum wage.

26. Defendant paid Plaintiff the applicable minimum wage rate minus a tip credit deduction.

27. However, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

28. Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

29. Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid, and the employer is not permitted to take a tip credit.

30. Notwithstanding these requirements, Defendant required its Servers to participate in a tip pool contribution plan that includes non- traditionally tipped employees.

31. Specifically, the tip pool included management in its tip pool by requiring a 2% house fee for all tables worked that went to management.

32. Management received more than the full minimum wage.

33. Management does not regularly receive tips from customers.

34. Management is responsible for advising employees before, during, and after their shifts.

35. Clearly, management should not be included in the tip pool.

36. For these reasons, Defendant violated the terms of the tip credit and the FLSA's provisions on minimum wages.

37. As a result of these common policies, Plaintiff is entitled to receive repayment for the tip credit for each hour worked that was improperly deducted from her wages.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I- VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION AT 29 U.S.C §206

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above, as though fully set forth herein.

40. Defendant is an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), 29 U.S.C. § 203(s)(1).

41. Plaintiff was a non-exempt covered employee. 29 U.S.C. § 203(e)(1).

42. Defendant's willful failure and refusal to pay Plaintiff proper minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

43. Plaintiff was entitled to be paid the full minimum wage for each hour worked during her employment with Defendant.

44. During her employment with Defendant, Plaintiff was forced to participate in an illegal tip pool in violation of the FLSA's tip-credit provision.

45. Defendant willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work, contrary to the FLSA's minimum wage provisions.

46. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

47. Additionally, Plaintiff is entitled to an amount equal to all of her unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

48. The foregoing conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Association determines to be just and appropriate.

## COUNT II- REIMBURSEMENT OF TIPS

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above, as though fully set forth herein.

50. Defendant further violated the FLSA by requiring the Plaintiff to pay a 2% house fee to management as a condition of employment.

51. Defendant's house fee to management requirement benefitted the Defendant and caused the Plaintiff's potential wages to fall well below the minimum wage.

52. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

53. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

54. Defendant's policy of the house fee was not recorded in the federal and state tax returns or gross receipts.

55. Defendant is not entitled to a set off or tip credit for sums earned by the Plaintiff.

56. Defendant is liable to the Plaintiff in the amount of the sum of any tip credit taken by Defendant and all such tips unlawfully paid to management, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for:

a) As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages at the FLSA mandated minimum wage rate;

b) All misappropriated tips;

c) An equal amount of all owed wages as liquidated damages;

d) Reasonable attorney's fees, costs and expenses of this action;

e) Such other relief to which Plaintiff may be entitled, at law or in equity.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 31st day of January 2025.

Respectfully Submitted By,

THE ORTALE KELLEY FIRM

/s/ Chicoya Smith Gallman
Chicoya Smith Gallman, BPR #037118
330 Commerce Street, Suite 110
Nashville, TN 37201
cgallman@ortalekelley.com
615-256-9999
615-726-1494 (facsimile)

THE LEACH FIRM, P.A.

/s T'Keara N. Watson
T'Keara N. Watson, Esquire, Bar No. 1018265
Carlos V. Leach, Esquire, Bar No. 540021
Pro Hac Vice Motion Forthcoming
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: cleach@theleachfirm.com
Email: Twatson@theleachfirm.com