IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| CHARLOTTE LANE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Case No. 3:25-cv-46 |
| ) | |
| DEAN'S RESTAURANT & BAKERY, ) | |
| ) | |
| *Defendant.* ) | |

## ANSWER TO COMPLAINT

Comes the Defendant, Dean's Restaurant & Bakery ("Defendant"), by and through counsel, and for its affirmative defenses and answer to the Complaint of Plaintiff, Charlotte Lane, ("Lane") states as follows:

## AFFIRMATIVE DEFENSES

A.     The Complaint fails to state a claim upon which relief may be granted.

B.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

C.     Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

D.     At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

E. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

F. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable under the FLSA.

G. Plaintiff is not entitled to liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

H. At all times, Plaintiff was paid in accord with the FLSA.

I. Plaintiff may have failed to mitigate her alleged damages as required by law.

J. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, and/or laches.

K. Plaintiff's claims may be barred by the doctrines of accord and satisfaction, settlement, and/or payment and release.

L. Defendant's actions were in good faith conformity with and/or reliance on an administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

M. Defendant reserves the right to assert further affirmative defenses as they become evidence through discovery investigation.

**RESPONSE TO ALLEGATIONS IN COMPLAINT**

In response to the numbered allegations of the Complaint, Defendant states as follow:

1.     Plaintiff worked as a Server for Defendant from August 2022 to March 2024.

RESPONSE: Denied. Further answering, Defendant states that Plaintiff worked for Defendant as a server from July 2022 to April 2024.

2.     Plaintiff worked for Defendant in Oak Ridge, Tennessee.

RESPONSE: Admitted.

3.     Defendant is a company that operates and conducts business in Anderson County, Tennessee.

RESPONSE: Admitted.

4.     At all material times relevant to this action (2022 – 2024), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

RESPONSE: Admitted.

5.     At all material times relevant to this action (2022 - 2024), Defendant made gross earnings of at least $500,000.00 annually.

RESPONSE: Admitted.

6.     At all material times relevant to this action (2022 – 2024), Defendant accepted payments from customers based on credit cards issued by out of state banks.

RESPONSE: Admitted.

7. At all times relevant to this action (2022 – 2024), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked.

RESPONSE: Denied.

8. Defendant controlled and/or was responsible for the work of Plaintiff.

RESPONSE: Denied as stated. Further answering, Defendant avers that it was responsible for scheduling Plaintiff's shift, but that Plaintiff was responsible for performing tasks while on duty as a server.

9. Plaintiff worked as a Server for Defendant from August 2022 through March 2024.

RESPONSE: Denied. Further answering, Defendant states that Plaintiff worked for Defendant as a server from July 2022 to April 2024.

10. Plaintiff was paid pursuant to a "tip credit" method where she was paid minimum wage minus the tip credit.

RESPONSE: Admitted.

11. At all material times, Defendant utilized a tip credit deduction.

RESPONSE: Admitted.

12. At all material times, Defendant was an enterprise subject to the FLSA.

4

RESPONSE: Admitted.

13. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprises have had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

RESPONSE: Admitted.

14. Defendant's employees run or ran credit card transactions which transacted business in interstate commerce on a daily basis.

RESPONSE: Admitted.

15. Defendant's employees handle(d) such goods as napkins, silverware, appliances, food items, and restaurant equipment, which had travelled in interstate commerce on a daily basis.

RESPONSE: Admitted.

16. At all material times, Defendant had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated) per year.

RESPONSE: Admitted.

17. Plaintiff was paid pursuant to a "tip credit" method and was paid the minimum wage minus the tip credit.

5

RESPONSE: Admitted.

18. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of her use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

RESPONSE: Admitted.

19. Defendant is and has been in the business of providing food and drinks to the general public.

RESPONSE: Admitted.

20. Defendant employed Plaintiff within the last three (3) years.

RESPONSE: Admitted.

21. Defendant employed Plaintiff as an integrated enterprise and/or employer.

RESPONSE: Defendant denies that it employed Plaintiff as an "integrated enterprise" in connection with another entity; Defendant admits that it "employed" Plaintiff from March 2022 to April 2024.

22. Plaintiff worked without being paid at least the full minimum wage for all hours worked.

RESPONSE: Denied.

23. Defendant controlled and was responsible for the work of Plaintiff.

RESPONSE: Denied as stated. Further answering, Defendant avers that it was responsible for scheduling Plaintiff's shift, but that Plaintiff was responsible for performing tasks while on duty as a server.

24. Plaintiff did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant.

RESPONSE: Admitted.

25. Defendant utilized the tip credit and paid Plaintiff less than the applicable tipped minimum wage.

RESPONSE: Defendant admits that it utilized the tip credit; Defendant denies that Plaintiff was paid less than the applicable tipped minimum wage.

26. Defendant paid Plaintiff the applicable minimum wage rate minus a tip credit deduction.

RESPONSE: Admitted.

27. However, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

RESPONSE: This is a legal allegation, not a factual one, so no response is required and none is given.

28. Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

RESPONSE: This is a legal allegation, not a factual one, so no response is required and none is given.

7

29.     Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid, and the employer is not permitted to take a tip credit.

RESPONSE: This is a legal allegation, not a factual one, so no response is required and none is given.

30.     Notwithstanding these requirements, Defendant required its Servers to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

RESPONSE: Denied.

31.     Specifically, the tip pool included management in its tip pool by requiring a 2% house fee for all tables worked that went to management.

RESPONSE: Denied.

32.     Management received more than the full minimum wage.

RESPONSE: Admitted.

33.     Management does not regularly receive tips from customers.

RESPONSE: Admitted.

34.     Management is responsible for advising employees before, during, and after their shifts.

RESPONSE: Defendant is without sufficient information to admit or deny the allegation in this paragraph as it is stated. Therefore, this allegation is denied.

35.     Clearly, management should not be included in the tip pool.

8

RESPONSE: Defendant is without sufficient information to admit or deny the allegation in this paragraph as it is stated. Therefore, this allegation is denied.

36. For these reasons, Defendant violated the terms of the tip credit and the FLSA's provisions on minimum wages.

RESPONSE: Denied.

37. As a result of these common policies, Plaintiff is entitled to receive repayment for the tip credit for each hour worked that was improperly deducted from her wages.

RESPONSE: Denied.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

RESPONSE: Admitted.

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above, as though fully set forth herein.

RESPONSE: This paragraph does not contain factual allegations, so no response is required and none is given.

40. Defendant is an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), 29 U.S.C. § 203(s)(1).

RESPONSE: Admitted.

9

41. Plaintiff was a non-exempt covered employee. 29 U.S.C. § 203(e)(1).

RESPONSE: Admitted.

42. Defendant's willful failure and refusal to pay Plaintiff proper minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

RESPONSE: Denied.

43. Plaintiff was entitled to be paid the full minimum wage for each hour worked during her employment with Defendant.

RESPONSE: Denied as stated. Further answering, Defendant avers that it was entitled to apply the tip credit as to Plaintiff's wages and in doing so, it did not violate the FLSA.

44. During her employment with Defendant, Plaintiff was forced to participate in an illegal tip pool in violation of the FLSA's tip-credit provision.

RESPONSE: Denied.

45. Defendant willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work, contrary to the FLSA's minimum wage provisions.

RESPONSE: Denied.

46. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

RESPONSE: Denied.

10

47. Additionally, Plaintiff is entitled to an amount equal to all of her unpaid minimum wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

RESPONSE: Denied.

48. The foregoing conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

RESPONSE: Denied.

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 37, above, as though fully set forth herein.

RESPONSE: This is not a factual allegations, so no response is required and none is given.

50. Defendant further violated the FLSA by requiring the Plaintiff to pay a 2% house fee to management as a condition of employment.

RESPONSE: Denied.

51. Defendant's house fee to management requirement benefitted the Defendant and caused the Plaintiff's potential wages to fall well below the minimum wage.

RESPONSE: Denied.

52. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

RESPONSE: This is a legal allegation, not a factual one, so no response is required and none is given.

11

53. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

RESPONSE: This is a legal allegation, not a factual one, so no response is required and none is given.

54. Defendant's policy of the house fee was not recorded in the federal and state tax returns or gross receipts.

RESPONSE: Denied as stated.

55. Defendant is not entitled to a set off or tip credit for sums earned by the Plaintiff.

RESPONSE: Denied.

56. Defendant is liable to the Plaintiff in the amount of the sum of any tip credit taken by Defendant and all such tips unlawfully paid to management, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

RESPONSE: Denied.

Defendant denies all other allegations in the Complaint not specifically admitted or otherwise responded to herein. Defendant may have additional defenses that cannot now be anticipated due to the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

12

Now, having answered, Defendant prays for this civil action to be dismissed with prejudice with it being awarded its attorney fees and costs.

Respectfully submitted this 17th day of March 2025.

/s/ Brandon L. Morrow
Brandon L. Morrow (BPR #031242)
James T. Snodgrass (BPR #036212)
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901-0629
(865) 525-5134
bmorrow@kramer-rayson.com
jsnodgrass@kramer-rayson.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March 2025, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may gain access to this filing through the Court's electronic filing system.

/s/ Brandon L. Morrow
Brandon L. Morrow

13